United States District Court
Easter District Court of Louisiana

Morgan Ratley
Plaintiff

v.

Karla Beck
Craig Webre
Cantrell Davis

## Complaint with Jury Demand

This is a 1983 action filed by the plaintiff, Morgan Ratley, a pretrial detainee, alleging violation of the plaintiff's right to due process of law under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The plaintiff also alleges the tort of deliberate indifference.

TENDERED FOR FILING

DEC 21 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Previous Lawsuits

The plaintiff has not begun other lawsuits in state or federal court dealing with the same facts involved with this action.
The plaintiff has begun other lawsuits in state or ~~teal~~ federal court relating to his imprisonment.

1) Parties to previous lawsuit:
   Plaintiff: Morgan Ratley
   Defendants: Cantrell Davis, Stanley Jones, Michael Leone, Charles Caluette
2) Court: Eastern District Court of Louisiana
3) Docket Number: 2:21-cv-C2130
4) Name of judge to whom case was assigned: Unknown
5) Disposition: Still pending
6) Approximate date of filing lawsuit: 11/22/2021
7) Approximate date of disposition: Unknown

1) Parties to previous lawsuit
   Plaintiff: Morgan Ratley
Defendants: Cantrell Davis, Correct Health
2) Court: Eastern District of Louisiana
3) Docket Number: 2:21-cv-02121
4) Name of judge assigned to case: Unknown
5) Disposition: Still pending
6) Date of filing lawsuit: 11/22/2021
7) Date of disposition: Unknown

The plaintiff has not had any previously filed lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal court.

Place of present confinement: Lafourche Parish Correctional Complex

Is there a prisoner grievance procedure in this institution? Yes

Did you present the facts relating to this complaint in the prisoner grievance procedure? Yes, and I am attaching copies of all grievances and all steps in the grievance procedure. I have completed all steps in the procedure, including appeals.

3a

## Parties

Plaintiff
Full Name: Morgan Ratley
Prisoner Number: 93331
Address: LPCC
2594 Veterans Blvd.
Thibodaux, LA 70301
Date of Birth: 3/14/1967
Date of Arrest: 7/14/2019
Date of Conviction: Still Pretrial

## Defendants

Craig Webre is the Sheriff at Lafourche Parish Criminal Complex.

Cantrell Davis is the Warden at Lafourche Parish Criminal Complex.

Karla Beck is the Assistant Warden at Lafourche Parish Criminal Complex.

All defendants can be reached at the following address:
LPCC, 2594 Veterans Blvd., Thibodaux, LA 70301

First Step Request Form    (8/27/2021)
"The following is quoted from the LPCC Handbook: Rules and Regulations for Inmates."

From page seven:
"Administrative Segregation is used to protect inmates, staff and facility from the consequences of disruptive or violent behavior. This is not a punishment. The inmate keeps priviledges such as access to the telephone, recreation, visitation and commisary. Inmates separated from general population are reassigned to the Special Housing Unit. A review happens every seven days for the first two months and at least 30 days after that. This review takes into account any changes in inmate behavior or circumstances that could allow the inmate to return to general population."

That is from your handbook on your rules and regulations for your facility. Where in there does it say you use administrative segregation because someone's charge or because of their bond? I don't see that. Maybe you see something I don't. Do me a favor. See if you can find the write-up that got me moved to the SHU. See if you can find any write-up on me. So why am I back here? I am not disruptive or violent. And Stu, I have been here over two years and have had only two reclassification hearings. Your handbook does not reflect your own actions. If you are going to claim I am back here on protective custody why put me in a dorm for over two years with the most violent inmates in the entire jail?

As to not losing priviledges, that is not true. In the SHU we have

5a

never had the opportunity or priviledge of in person visitation up front. And though more than one person back here has requested for that priviledge in writing, it has been never granted. Our food is usually cold when it gets back here. We can't walk up to Judicial to call our attorney like everyone else up front. If you actually had a law library, we back here in the SHU would very seldom get to use it.

My relief would be a justification for putting me back here in the SHU that your rules and regulations can explain, because according to your handbook I shouldn't be back here in the first place."
    (no response)

ARP Second Step  (9/17/2021)
I wrote a request form on 8/27/2021 on the following issue with no response. According to your handbook of rules and regulations, inmates are put in the SHU for violent or disruptive behavior. Can you send me a copy of the write-up on the violent or disruptive behavior that justified putting me in the SHU? Because I don't see anything in your handbook about putting inmates in the SHU because of your charges or your bond. Can you print out the results of the hearing on putting me back here in the SHU? Written notice? Anything?
    (No response)

## Third Step ARP    (10/11/2021)

"I submitted a request form on 8/27/2021 and a second step ARP on 9/17/2021 on the following issue with no response. I quoted the LPCC Handbook on Administrative Segregation, stating that your written policy states that the only reason to be put on Administrative Segregation is "disruptive or violent behavior." The same section states every seven days for the first two months and "at least" every 30 days after the first two months there will be a review that "takes into account any changes in inmate behavior or circumstances that could allow the inmate to return to general population."

I have never received verbal or written notice of the results of any review of "changes in my behavior or circumstances" that could allow me to be returned to general population. As a matter of fact, I have been here 27 months and I should have had a reclassification hearing every six months. Guess how many I have had? Two. I asked if you could show me the write-up on my "disruptive or violent" behavior that got me put into the SHU/administrative segregation. You did not reply to that. I asked if I had received a hearing on why I was put into administrative segregation before or after was moved back here to F3. You did not reply to that. The fact is, I have been denied due process of law by this jail on this issue.

Specifically, pretrial detainees "have a liberty interest in not being detained indefinitely in the SHU without explanation or review of their confinement."

(no response)

7a

"If there has been "review of my confinement," I have yet to receive written notice, or any notice, of the results of the review.
As a pretrial detainee, I am entitled to "procedural safeguards for administrative or disciplinary confinement." Where are they? If you reply that I am in protective custody, as I pointed out already, I can't be in protective custody when I have been for over two years been in the same dorm with the real "disruptive or violent" inmates. Let me put it this way, my nose wasn't broken when I came to jail. I have spent 27 months surrounded by people on murder and other violent charges and yes, violence back here is constant, most of which your officers never even notice.
People on protective custody should receive written notice and a hearing, anyway. Everyone in administrative segregation for any reason should receive written notice and a hearing. Why, besides the illegal way you run this jail, is this an issue? By being put in administrative segregation for the past twenty-seven months, I have been discriminated against compared to pretrial detainees up front who are allowed easier telephone access to their attorneys, easier access to a law library (if you had one), easier access to personnel that can answer court related issues, classification issues, etc. that the rest of the jail does have access to... but I have to be escorted in handcuffs anywhere in the jail like Charles Manson or Ted Bundy to the very few places that I am allowed to go to. My relief would be the truth, why am I back here?"
      (no response)

8a

# Statement of Claim

1. The plaintiff was arrested on July 14, 2019. The plaintiff was placed in a general population dorm that afternoon.
2. At 10pm on July 15, 2019 the plaintiff was removed from general population and moved to a cellblock in the Special Housing Unit.
3. The plaintiff has been housed in the Special Housing Unit for twenty-eight months.
4. The plaintiff has never been given written notice on being placed in administrative segregation.
5. The plaintiff has never had a hearing on being placed in administrative segregation.
6. In twenty-eight months the plaintiff has never had a write up on any issue.
7. According to the LPCC Handbook (Revised 8/12/2020) on page seven in the section on Administrative Segregation:
"Administrative Segregation is used to protect inmates, staff, and facility security, from the consequences of disruptive or violent behavior. This is not a punishment.... Inmates separated from general population are reassigned to the Special Housing Unit. A review happens every seven days for the first two months and at least every 30 days after that. This review takes into account any changes in inmate behavior or circumstances that could allow the inmate to return to general population."

9a

8. Also on page seven of the LPCC Handbook is the section entitled Classification Process. Quoting directly from this section:
"The Classification Process is a process for determining the needs of inmates who can't make bail and are assigned to a housing unit. All inmates are classified within seventy-two (72) hours of arriving at the facility and will be reclassified after that every six months. During an inmate's stay in the facility, they may be reclassified and/or relocated as their situation changes based on what happens in court, any disciplinary actions or sanctions, and medical issues. An inmate may request the Assistant Warden to review their classification rating and housing assignment."

9. In twenty-eight months the plaintiff has been to two (2) reclassification hearings where the plaintiff was asked very general questions and sent back to his dorm.

10. In neither of the two reclassification hearings was the plaintiff given any explanation as to why the plaintiff has spent all his time in this jail (except one day) housed in the Special Housing Unit.

11. As there are inmates in general population and much higher bonds with the same criminal charges as the plaintiff, the plaintiff filed an administrative grievance on this issue on 8/27/2021 with defendant Karla Beck, the assistant warden of LPCC.

12. The plaintiff received no response to his grievance on any of the three steps in the administrative grievance procedure.

13. The plaintiff has exhausted his administrative remedies on this issue.

14. As the plaintiff was not given written notice or a hearing on being placed on administrative segregation in the Special Housing Unit in excess of two years and having brought the issue up in writing with the Assistant Warden as mentioned in the 'LPCC Handbook: Rules and Regulations for Inmates' as directed and having received no explanation or reply, the plaintiff has decided to file a 1983 action for denial of due process of law.

15. The plaintiff has given the facility administration ample time to remedy this issue on their own.

16. The plaintiff alleges that his situation is not unique, random, unauthorized or unpredictable. The plaintiff alleges that most of the inmates in the Special Housing Unit on administrative segregation for extended lengths of time were not given notice or a hearing.

17. The plaintiff alleges that the LPCC administration moves inmates to the Special Housing Unit and places them on administrative segregation without notice or a hearing as a matter of policy and established procedure.

18. As the facility administration were the same people who had the ability and authority to give the plaintiff notice and a hearing and did not do so, a post-deprivation remedy would not satisfy due process of law.

## Relief Requested

Wherefor, the Plaintiff requests that the court grant the following relief:

A. Declare that Defendant Karla Beck's failure to remedy a constitutional violation after receiving written notice of said constitutional violation constitutes deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

B. Declare that Defendant Cantrell Davis' knowledge of a constitutional violation as a matter of policy and procedure and the Defendant's failure to correct or remedy the constitutional violation constitutes deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

C. Declare that Defendant Craig Webre in his capacity as Sheriff created a policy or custom under which constitutional violations occurred or allowed the continuancy of such a policy or custom and his actions constitute deliberate indifference in violation of the Eighth Amendment to the United States Constitutional.

D. Award damages in the following amounts:
 1. $3,000 against Defendant Craig Webre
 2. $2,000 against Defendant Cantrell Davis
 3. $1,000 against Defendant Karla Beck

E. Grant such other relief as it may appear that Plaintiff is entitled.

## Plaintiff's Declaration

1) I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2) I understand that if I am released or transferred, it is my responsibility to keep the court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

3) I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicous, or failed to state a claim upon which relief can be granted, unless I am under imminent danger of serious physical injury.

4) I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $402.00 filing fee and any costs assessed by the Court, which shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

Signed this __20th__ day of __December__, 2021.

_Morgan Ratley_
(Signature of Plaintiff)

13a

Morgan Ratley
LPCC (F3)
2594 Veterans Blvd.
Thibodaux, LA 70301

Clerk's Office
United States District Court
Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

Confidential - Legal Mail



Confidential - Legal Mail