UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MORGAN RATLEY | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 21-2362 |
| KARLA BECK, CRAIG WEBRE AND CANTRELL DAVIS | * | SECTION "J" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Morgan Ratley filed this complaint pursuant to 42 U.S.C. § 1983 (ECF No. 4), which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). *See also* E.D. La. L.R. 73.2(A). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I. BACKGROUND

Plaintiff Morgan Ratley filed this § 1983 suit *pro se* and *in forma pauperis* alleging due process violations and deliberate indifference relating to his classification/housing assignment, naming Assistant Warden Karla Beck, Sheriff Craig Webre and Warden Cantrell Davis as defendants. ECF No. 4, at 1, 4. Plaintiff is a pretrial detainee incarcerated in the Lafourche Parish Correctional Complex ("LPCC") in Thibodaux, Louisiana. *Id.* at 3. He seeks declaratory relief and monetary damages. ECF No. 4, at ¶ 12.

### A. Factual Allegations

Ratley is a pretrial detainee who alleges that he has been housed in the special housing unit ("SHU") since July 15, 2019 after arriving to LPCC on July 14, 2019 and being initially placed in general population. ECF No. 4, ¶¶ 1-2, at 9. Plaintiff does not allege that he was moved to SHU

1

as punishment, but rather, contends that his rights have been violated by his placement in SHU without being provided written reasons, not receiving reclassifications hearings as required by LPCC policy, and not receiving a hearing to explain that placement. *Id.* at 5, 7, 9-11. Plaintiff filed an administrative grievance with Assistant Warden Karla Beck on August 27, 2021, but he did not receive a response at any of the three step levels. *Id.* at 3, ¶¶ 11-12, at 10.

Plaintiff asserts that, according to LPCC's handbook, SHU is not a punishment; it is used to protect inmates, staff and facility from the consequences of disruptive or violent behavior, and that classification must be periodically reviewed. *Id.* at 5, 7, ¶¶ 7-8, at 9-10. Plaintiff's grievance indicates that other inmates with the same charges or higher bonds are housed in general population but he was placed in SHU. *Id.* at 5, ¶11, at 10. He contends that defendants are not following LPCC policy because inmates are regularly placed in SHU/administrative segregation without written reasons and without regular review hearings. *Id.* at 5-7, 11. He also contends that SHU detainees lose privileges that are afforded general population detainees (such as in-person visitation, ready access to telephones, attorneys, and the law library, and their food is cold). *Id.* at 6, 8. Plaintiff has had no disciplinary infractions in 28 months and only 2 reclassification hearings during that time, after which he was not provided with an explanation for his continued placement in SHU. *Id.* at 2-3, 7-8, 9-10.

### B. <u>Relief Requested</u>

Plaintiff seeks a declaratory judgment that Assistant Warden Beck's failure to remedy the SHU placement constitutes deliberate indifference and violates his constitutional rights, that Warden Davis's knowledge of this policy and procedure and failure to correct it constitutes deliberate indifference and violates his constitutional rights, and Sheriff Webre's creation of this policy or custom or allowing the policy or custom is deliberate indifference and a constitutional

violation. In addition to declaratory relief, Plaintiff seeks damages of $3,000 from Sheriff Webre, $2,000 from Warden Davis, and $1,000 from Assistance Warden Beck. *Id.*

## II. LEGAL STANDARD

### A. Statutorily Required Screening

A prisoner's *pro se* complaint must be screened by the court as soon as practicable after docketing.[1] Complaints by prisoners must be dismissed upon review if they are frivolous and/or fail to state a claim.[2] The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[3] "A federal court may dismiss a claim *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'"[4] A complaint is frivolous "if it lacks an arguable basis in law or fact."[5]

A complaint may be dismissed for failure to state a claim or as legally frivolous if it lacks an arguable basis in law[6] or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible."[7] A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

---

[1] 28 U.S.C. § 1915A(a); *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998).
[2] 28 U.S.C. § 1915A(b)(1); *see also id.* § 1915(e)(2)(B).
[3] *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[4] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).
[6] *Jackson v. Vannoy*, 49 F.3d 175, 176–77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992)
[7] *Moore*, 976 F.2d at 270. This "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 32.

complaint are true (even if doubtful in fact)."[8] "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[9] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) frivolousness standard is not."[10] A prisoner's *in forma pauperis* complaint that fails to state a claim may be dismissed *sua sponte* at any time. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

### B. LAW AND ANALYSIS

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.[11]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[12] Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[13] A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law,

(2) that occurred under color of state law, and

---

[8] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Bell Atlantic Corp. v. Twobly*, 550 U.S. 544, 555 (2007) (citation omitted)).).
[9] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[10] *Moore*, 976 F.2d at 269.
[11] 42 U.S.C. § 1983.
[12] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).
[13] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).

(3) was caused by a state actor.[14]

In this case, plaintiff's complaint should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2) and/or 42 U.S.C. § 1997e(c)(1) on the basis that Plaintiff's allegations fail to establish a cognizable § 1983 claim of violation of constitutional rights, even under the broadest reading of his claims.[15]

### 1. Administrative Segregation in SHU

Plaintiff contends that, as a pretrial detainee, he has a liberty interest in not being detained in the SHU without explanation or review of his confinement, and he is entitled to procedural safeguards for administrative or disciplinary confinement. ECF No. 4, at 7-8.

Initially, the court must accord "the widest possible deference" to the facility in classifying inmates as necessary "to maintain security and preserve internal order," even in the pretrial detainee context.[16] When a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, "it does not, without more, amount to 'punishment'" of the pretrial detainee.[17] Even being placed in administrative segregation after being "improperly classified as a safety risk" and being denied a hearing about being placed in segregation does not implicate a liberty interest.[18] Thus, contrary to Plaintiff's contention, a jail's policy of placing inmates in administrative segregation, even before a hearing, does not involve a protected liberty interest or implicate the Due Process Clause.[19]

---

[14] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[15] The court must "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Smith v. Lonestar Constr., Inc*., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); *Moore*, 30 F.3d at 620.
[16] *Perez v. Anderson*, 350 F. App'x 959, 962 (5th Cir. 2009) (quoting *Hernandez*, 522 F.3d at 562); *Gibbs v. Grimmette*, 254 F.3d 545, 548 n.1 (5th Cir. 2001) (applying *Sandin* to the due process claim of a pretrial detainee).
[17] *Bell v. Wolfish*, 441 U.S. 520, 539 (1979); *Alderson v. Concordia Parish Corr'l Facility*, 848 F.3d 415, 420 (5th Cir. 2017).
[18] *See, e.g., Huff v. Thaler*, 518 F. App'x. 311 (5th Cir. 2013) (holding that "in the absence of extraordinary circumstances, administrative segregation does not impose an atypical and significant hardship required to trigger the protection of the Due Process Clause").
[19] *Luken*, 71 F.3d at 193 (holding that "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."); *see also Mitchell v. Denton Cnty*., No. 4:18-CV-399, 2022 WL 989392, at *8 (E.D. Tex. Feb. 28, 2022) (recognizing that pretrial detainee has no liberty interest in residing in general

"The Due Process Clause does not protect every change in conditions of confinement that has a substantial adverse effect upon a prisoner."[20] A prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[21] Based on *Sandin*, the Fifth Circuit has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest."[22] In the absence of extraordinary circumstances, administrative segregation is an incident to the ordinary life of a prisoner and is not an atypical and significant enough hardship to implicate a due process liberty interest.[23] Although *Sandin* involved a convicted inmate, the same standard applies to pretrial detainees.[24]

Only when an administrative segregation condition is designed to punish a pretrial detainee for the pending charge rather than for a legitimate penological reasons or prison-related misconduct would there be a potential due process issue because pretrial detainees, unlike convicts, have a constitutional protected liberty interest in avoiding punishment:

> In considering whether a condition of confinement resulted in the deprivation of liberty without due process of law, the inquiry focuses on whether the condition or restriction was punitive because the State may not punish pretrial detainees. The fact that detention interferes with the detainee's understandable desire to live as comfortably as possible does not equate to punishment. However, an arbitrary or

---

population, and when placed in administrative segregation for safety concerns, condition of confinement cannot be grounds for a constitutional claim because it is not punitive but rather has a valid penological purpose) (citation omitted), *R.&R. adopted*, No. 4:18-CV-399, 2022 WL 987819 (E.D. Tex. Mar. 31, 2022).
[20] *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (citation omitted).
[21] *Sandin v. Conner*, 515 U.S. 472, ——, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418, 430 (1995) (citations omitted).
[22] *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (holding that contention that jail's policies covering placement and continued administrative segregation created protectable liberty interest lacked arguable basis in law or fact and was properly dismissed as frivolous).
[23] *Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008) (citing *Pichardo*, 73 F.3d at 612-613); *see also Sandin*, 515 U.S. at 486; *Huff v. Thaler*, 518 F. App'x 311, 311-12 (5th Cir. 2013) (dismissing due to absence of extraordinary circumstances challenge to administrative segregation without notice or hearing where classification resulted in isolation, limited library access and no access to personal property).
[24] *Rhine v. City of Mansfield*, 499 F. App'x 334, 335 (5th Cir. 2012) (conditions of pretrial detainee's segregation "were not sufficiently atypical or significant to implicate a due process liberty interest."); *see also Parker v. Webber*, No. 11-82-JJB-RLB, 2014 WL 1057189, at *2, 8 (M.D. La. Mar. 19, 2014) (rejecting pretrial detainee's due process claim based on 2 years of administrative segregation without disciplinary write-ups or pre- or post-deprivation hearings).

purposeless restriction on a pretrial detainee leads to the inference that the restriction is punitive. The effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inferences that such restrictions are intended as punishment.[25]

Plaintiff does not allege, however, that he was placed in the SHU to punish him.

Further, not every restriction in pretrial detention "amounts to 'punishment' in the constitutional sense."[26] "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."[27] Thus, unless administrative segregation imposes on the detainee hardships which are "atypical and significant" in relation to the ordinary incidents of prison life, any challenge regarding his placement on administrative segregation necessarily fails.[28]

To the extent Plaintiff is complaining that his conditions of confinement on the SHU constitute cruel and unusual punishment, the prohibition on cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and "receive adequate food, shelter, clothing and medical care."[29] A constitutional violation occurs only when two requirements are met: (1) there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies

---

[25] *Serton v. Sollie*, No. 02-61010, 2003 WL 22849840, at *3 (5th Cir. Dec. 2, 2003) (citations, quotation marks, and brackets omitted); *see also Bell*, 441 U.S. at 535, 538 (distinguishing between conditions of confinement pursuant to legitimate administrative purpose versus intended to punish a pretrial detainee because punishment before adjudication of guilt violates detainee's right to due process).
[26] *Bell*, 441 U.S. at 538.
[27] *Id.* at 540
[28] *Rhine*, 499 F. App'x at 335; *Kimble v. Lopinto*, No. 19-13078, 2020 WL 4550550, at *6 (E.D. La. June 18, 2020), *R.&R. adopted*, No. 19-13078, 2020 WL 4546966 (E.D. La. Aug. 6, 2020); *Clark v. Concordia Parish Corr. Facility*, No. 1:19cv335, 2019 WL 6250473, at *3 (W.D. La. Sept. 12, 2019), *R.&R. adopted*, 2019 WL 6250433 (W.D. La. Nov. 21, 2019); *Parker*, 2014 WL 1057189, at *8.
[29] *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 825 (1994)) ; *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones").

the prisoner some basic human need;"[30] and (2) under a subjective standard, the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety."[31] In other words, Plaintiff must allege that his SHU placement was due to deliberate indifference, *i.e.* that prison officials knew of and disregarded a substantial risk of serious harm to him.[32] Plaintiff has alleged no such injury or harm of any kind resulting from his placement in the SHU.

2. **Failure to Investigate or Respond to Grievance**

Plaintiff also bases his § 1983 claim on Defendants' failure to respond to his grievance regarding his SHU placement/administrative classification.

"The failure of the prison to follow its own policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim."[33] Indeed, the Fifth Circuit has repeatedly held that an inmate does not have a constitutional right to an adequate and effective grievance procedure, or to have his complaints investigated and resolved to his satisfaction:[34] An inmate has no protected liberty interest in the adequacy or the result of prison administrative grievance procedures.[35] Thus, allegations that a prison official has failed to follow particular prison rules, regulations or procedures, including an ARP process, cannot support a § 1983 claim, without an independent constitutional violation.[36] Because prisoners do not have a federally

---

[30] *Harris v. Angelina Cnty., Tex.*, 31 F.3d 331, 334 (5th Cir. 1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).
[31] *Farmer*, 511 U.S. at 837; *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).
[32] *Id.* at 829 (citation omitted).
[33] *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).
[34] *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006) (citing *id.* at 373-74); *Id.* (recognizing that prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Comeaux v. Stalder*, 300 F. App'x 306, 308 (5th Cir. 2008) (concluding that challenges to administrative remedy procedures used to process administrative grievances fails to implicate a constitutional right).
[35] *Smith v. Horton*, 670 F. App'x 872, 873 (5th Cir. 2016) (citing *id.* at 373-74)..
[36] *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012).

protected liberty interest in having grievances resolved to their satisfaction, "an alleged § 1983 due process violation for failure to investigate grievances is indisputably meritless."[37]

### 3. Failure to Follow Prison Handbook Policies

Plaintiff § 1983 due process claim is also based on Defendants' failure to follow the handbook guidelines regarding regular review of classification in SHU.

Under well-established precedent, a plaintiff is not constitutionally entitled to have the prison follow its own rules.[38] The prison's internal rules and regulations do not alone create federally-protected rights[39] and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right.[40] Thus, violations of jail policy, standing alone, cannot form the basis of a § 1983 claim.[41]

## III. CONCLUSION

Given the wide deference afforded prison officials to classify inmates as necessary "to maintain security and preserve internal order" and absent any allegation that administrative segregation is designed to punish the detainee or imposes hardships that are "atypical and significant" in relation to the ordinary incidents of prison life, Plaintiff's claim that he was administratively segregated in the SHU, without more, does not constitute a deprivation of a

---

[37] *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (citing *Geiger*, 404 F.3d at 374).
[38] *Perry v. Allemand*, 687 F. App'x 352, 353 (5th Cir. 2017) (citations omitted).
[39] *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (citing *Sandin*, 515 U.S. at 487; *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because 'constitutional minima may nevertheless have been met.' ")).
[40] *Id.* (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (per curiam)).
[41] *Myers*, 97 F.3d at 94 (jail policy); *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995) (state law); *see also Cruz v. Forrest*, 350 F. App'x 900, 901 (5th Cir. 2009) ("[Inmate's] assertions that state prison rules were broken in connection with his placement in administrative segregation do not state a constitutional claim."); *Hill*, 718 F. App'x at 250 n.31 ("We have also dismissed § 1983 claims for alleged violations of prison policy because a prison official's failure to follow the prison's own . . . regulations
does not constitute a [constitutional] violation.") (citation omitted); *see also Hernandez*, 788 F.2d at 1158 ("The claim is that the mere failure of the TDC officials to follow their regulations was a constitutional violation. There is no such controlling constitutional principle.")

constitutionally cognizable liberty interest as necessary to support a § 1983 claim. Likewise, Plaintiff's claims based on the Defendants' failure to respond to his grievance or review his classification in accordance with LPCC policy are not a constitutional violations cognizable under § 1983.

IV.     **RECOMMENDATIONS**

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[42]

New Orleans, Louisiana, this 10th day of June, 2022.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[42] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).